## OLE T. ROLSETH *vs.* H. H. SMITH and another.

### December 16, 1887.

Pleading—Negligence.—An allegation of negligence, as applied to the conduct of a party, is not a mere conclusion of law, but a statement of an ultimate pleadable fact. Hence, in an action for damages resulting from certain acts of another, alleged to have been negligent and careless, the complaint is not demurrable as not stating a cause of action, unless the particular acts alleged are such that they could not be negligent under any possible evidence admissible under the allegations of the complaint.

Same—Contributory Negligence.—Neither could a court say, as a matter of law, that it appeared from the allegations of the complaint that the plaintiff was guilty of contributory negligence, or had voluntarily assumed, as incident to his employment, the risks which caused the injury, unless these allegations so clearly show that fact that there could be no room for different minds reasonably arriving at any different conclusion, upon any possible evidence admissible under and consistent with the allegations of the pleading.

Appeal by plaintiff from an order of the district court for Hennepin county, *Lochren,* J., presiding, sustaining a demurrer to the complaint, which alleged in substance the following facts: Defendants are proprietors and operators of a saw-mill. Prior to August 24, 1886, plaintiff had been in the employ of the defendants as a common laborer about the mill, and his work had been that of an unskilled workman, such as piling boards and handling lumber on the platform and in the yard, and he had never worked about any of the saws or machines of the mill. During this time one Armstrong was in the employ of the defendants as foreman or overseer in the mill, and had complete charge and supervision of all the work in the mill, and of the plaintiff and other workmen employed therein, directing and ordering them where and how to work, employed and discharged them, and had full and complete control of the machinery. On August 24, 1886, Armstrong "negligently and carelessly took plaintiff from the unskilled work which he had been employed to do" and ordered him to do different work, which was dangerous and hazardous and of a kind which he had never performed before, and about which

he knew nothing, to wit, the work of lifting heavy boards after they came through the "gang" upon the machine known as the "edger" to have the edges sawed off. This work was extra hard and laborious and more work than one man could with safety perform, which Armstrong knew but the plaintiff did not know. Armstrong "negligently and carelessly placed" plaintiff for the purpose of doing this work near a machine called the "trimmer," fitted with circular saws. Along the side of the trimmer the defendants had "negligently and carelessly made a hole in the floor," through which to throw boards. The defendants "negligently and carelessly" permitted this hole to become larger by wear and use till at this time it was so large as to endanger the lives and limbs of all the men employed near it. The place where plaintiff was placed to work was dangerously near this hole, and Armstrong did not direct his attention to it or to the dangers thereof, and did not give him any precautionary directions. The defendants "negligently and carelessly left" said hole unguarded and without any protection, and the hole was in a place where the workmen had to pass and repass in the discharge of their duties. · Defendants "negligently and carelessly left" the circular saws of the trimmer-machine unguarded and without any covering, and "negligently and carelessly" operated the mill with an insufficient number of men. On August 24, 1886, while plaintiff was endeavoring as a good and faithful employe to do the work assigned to him, defendants "negligently and carelessly, and without warning or notifying plaintiff, ran a log through the 'gang,' which was too large and too long, and larger and longer than any that had been run through said 'gang' while plaintiff was engaged in said work, and larger and longer than said 'gang' and the machinery connected therewith was made to saw." "As a result of defendants' negligence and carelessness in failing to employ a sufficient number of employes to handle the boards sawed from said log, and as a result of the length of said log, plaintiff was required to step backwards rapidly in order to handle and lift said boards and prevent the accumulation thereof from stopping the machinery of said mill as was his duty to do; and as a result of defendants' failing to employ and have at work in said mill on said day a sufficient number of men, there was no hand there and at work on

said day, as there had been on former days, at the task of keeping the floor clean and cleared of boards, slabs, chips, and sawdust; and, as a consequence, at the time of the injury hereinafter complained of, said floor was strewn with boards, slabs, chips, and sawdust, and, being forced by the length of said log as aforesaid to step backward rapidly, plaintiff was forced by the length of said log as aforesaid up to and near said hole and trimmer-saw, and upon a loose slab or end of board, which had been left there by the negligence of said defendants in not having a man there to remove the same as aforesaid, and which plaintiff, in the haste in which he was compelled to do said work, did not see, and slipped on said slab or end of board into said hole or chute, which caused his left arm to come in contact with the unguarded circular saw of the said trimmer-machine, which said saw was in motion and cut plaintiff's hand off, all of which plaintiff says was through the negligence and carelessness of defendants and their said foreman in manner and form and matters and things as aforesaid." Plaintiff from such injury has suffered pain and damages in the sum of $10,000.

*Charles S. Jelley* and *Eugene G. Hay*, for appellant.

*C. H. Benton*, for respondents.

Mitchell, J. This action is brought to recover damages resulting from the alleged negligence of defendants, causing injuries to the plaintiff while in their employment in their saw-mill. The appeal is from an order sustaining a demurrer to the complaint, on the ground that it does not state a cause of action. The defendants' contention is that the complaint is insufficient (1) because it does not allege anything that amounts to negligence on part of defendants; and (2) that it affirmatively appears that plaintiff himself was guilty of contributory negligence, or, at least, voluntarily assumed, as incident to his employment, all the risks of which he now complains.

The complaint, although very ingeniously framed, is in some respects so conspicuous for what it omits to allege, as well as for what it does allege, as to be suggestive of possible difficulty in establishing a cause of action by the evidence; yet we are of opinion that upon its face it is good. The question of negligence is one of mingled law and fact; and hence an allegation of negligence or carelessness, as applied to

the conduct of a party, is not a mere conclusion of law, but a statement of an ultimate fact allowed to be pleaded. *Clark* v. *Chicago, Mil. & St. Paul Ry. Co.*, 28 Minn. 69, (9 N. W. Rep. 75.) The complaint in this case states various things which it alleges the defendants *negligently* and *carelessly* did, or omitted to do, and which caused the injury complained of. Under this allegation, the plaintiff might prove any facts or circumstances, not inconsistent with the particular facts alleged in the complaint, which would tend to prove this charge of negligence. Hence a court could not, as a matter of law, say that the complaint did not sufficiently allege negligence, unless the particular acts or omissions complained of are such that they could not be negligent under any possible state of facts or circumstances provable under the allegations of the complaint. When it is considered that the question whether a particular act is or is not negligent largely depends upon the surrounding circumstances, it would be impossible to say, in advance of the evidence, that the acts or omissions complained of in this case might not have been negligent. Perhaps a fair test of the sufficiency of the pleading in that regard is whether, under its allegations, evidence might be introduced sufficient to establish a cause of action. We are inclined to think that the learned court may not, in sustaining the demurrer, have given due weight to the allegation that these acts were negligent, or as to what facts or circumstances might be proved under it.

As to the question of contributory negligence, it must be borne in mind that this is purely a matter of defence, which the plaintiff is not bound to negative in his complaint; also that, to constitute an assumption of risks by a servant, it is not necessarily enough that he knew, or ought to have known, the actual character and condition of the defective instrumentalities furnished for his use, but he must also have understood, or, by the exercise of ordinary observation, ought to have understood, the risks to which he is exposed by their use. *Russell* v. *Minn. & St. Louis Ry. Co.*, 32 Minn. 230, (20 N. W. Rep. 147.) This must be determined from all the facts and circumstances of the case. Hence a court could not say, as a matter of law, from the allegations of a complaint, that the plaintiff was guilty of contributory negligence, or had voluntarily assumed all the risks which

concurred in causing his injury, unless these allegations so clearly show that fact that there could be no reasonable ground for different minds arriving at different conclusions upon the question, under any possible evidence admissible under the pleading.

While we think it affirmatively appears from the complaint that this was not a case of a master directing a servant, under a pressing emergency, to engage in some extra-hazardous work outside of that which he had contracted to perform, but a voluntary change of work on part of the latter, yet we think the complaint does not affirmatively show any such conclusive state of facts as that supposed. We are therefore of opinion that the demurrer should have been overruled, and the defendants allowed to answer.

Order reversed.