JAMES LYDECKER v. ST. PAUL CITY RAILWAY COMPANY.[1]

June 25, 1895.

Nos. 9231—(51).

**Street Railway—Negligence—Complaint.**

    Action for damages for personal injuries caused by the negligence of the defendant. *Held*, that the complaint does not state a cause of action, for the reason that it alleges no act of negligence on the part of the defendant.

**Same—Contributory Negligence.**

    In such an action, in order to render a complaint demurrable on the ground that it appears that the plaintiff was guilty of contributory negligence, the facts stated must be such that it conclusively appears, as a matter of law, that he was guilty of negligence that contributed to the injury.

    Appeal by plaintiff from an order of the district court for Ramsey county, Brill, J., sustaining a demurrer to the complaint. Affirmed.

    The complaint alleged in substance that plaintiff was a passenger on defendant's electric street car; that on approaching the cross street where he wished to alight, he notified the conductor, who signalled the motorman to stop; that in consequence, and for the purpose of stopping on the farther side of said street, the motorman reduced the speed of the car; that at a point in the middle of said street and while the car was running at a low rate of speed, to-wit, at a speed safe for a passenger to step from the same and not exceeding two miles an hour, plaintiff stepped from the car and started to pass around the rear end, and without expecting or looking for a car on the other track, by reason of the facts above stated, started directly to cross the other track; that as he was in the act of stepping thereon a car from the opposite direction, running at the rate of six miles an hour, struck and injured plaintiff; that he heard no bell rung from said car, and that plaintiff received said injury solely by reason of said carelessness and negligence of defendant.

    *Walter Holcomb*, for appellant.

    *Munn, Boyesen & Thygeson*, for respondent.

    [1] Reported in 63 N. W. 1027.

MITCHELL, J.[2]  It is clear from the most casual inspection of the complaint that it does not state a cause of action.   No act of negligence on part of defendant is alleged. It is alleged that the car which struck the plaintiff was running at the rate of six miles an hour; also that plaintiff heard no bell rung on the car; but there is no allegation that six miles an hour was an improper or unlawful rate of speed, or that no bell was in fact rung.

Counsel for defendant ask us to further hold that the complaint is insufficient because it affirmatively appears that plaintiff himself was guilty of contributory negligence.   We cannot so hold.   Contributory negligence is a matter of defense.  Hence the question is not whether plaintiff has sufficiently negatived his own negligence, but whether it conclusively appears, as a matter of law, from the facts stated in his complaint, that he was guilty of contributory negligence.   While the admissions in the complaint may point very strongly to negligence on part of the plaintiff, yet we do not think they come up to the required test.   The question may become a question of law after the evidence is all in, but it is not such on the pleadings.

Order affirmed.

[1] Reported in 63 N. W. 1085.      [2] Buck, J., absent, took no part.