CHARLES W. THOMPSON v. GREAT NORTHERN RAILWAY COM-
PANY.[1]

November 24, 1897.

Nos. 10,780—(163).

**Railway—Injury to Employee—Pleading—Freedom from Negligence.**
In an action to recover damages for personal injuries received by reason
of the negligence of the defendant, the plaintiff need not allege that the
injury of which he complains was occasioned without his fault, or that
he was not guilty of contributory negligence. Assumption of risk is a
species or branch of contributory negligence, and the burden of establish-
ing it rests upon the defense.

Appeal by defendant from an order of the district court for Kan-
diyohi county, Powers, J., overruling a demurrer to the complaint.
Affirmed.

*Wm. R. Begg,* for appellant.

*F. D. Larrabee,* for respondent.

BUCK, J.

This action is brought to recover damages for personal injuries
alleged to have been received by the plaintiff while in the employ of
the defendant as a freight train conductor, and to the complaint the
defendant interposed a demurrer upon the ground that it did not
state facts sufficient to constitute a cause of action. The demurrer
was overruled, and defendant appealed.

The complaint, in substance, alleges that the defendant negli-
gently furnished to plaintiff a car with a defective ladder thereon,
which it knew, or in the exercise of ordinary care it ought to have
known, was defective; that by reason of such negligence of the
defendant the plaintiff received the injuries complained of; and that
the respondent was without fault or negligence on his part.

The specific ground upon which defendant rests its demurrer is
that the complaint does not allege that the plaintiff did not himself
know, or in the exercise of ordinary care would not himself have
known, of the defect complained of, and does not allege any facts

[1] Reported in 72 N. W. 962.

to excuse his failure to know of the defect, and that such allegations are necessary. The objections are not well taken. Contributory negligence is a matter of defense. Lydecker v. St. Paul, 61 Minn. 414, 63 N. W. 1027. And the authorities are well-nigh unanimous that in an action for negligence the plaintiff need not allege that the injury of which he complained was occasioned without his fault, or that he was not guilty of contributory negligence. 5 Enc. Pl. & Prac. 1.

The complaint goes much further than the law requires, for it alleges that the injuries were received without any fault or negligence on his part, which is a sufficient averment that he did not contribute to the commission of the injury. Now, the plaintiff's assumption of risk is but a species or branch of the doctrine of contributory negligence, and hence the burden of establishing it rests upon the defense.

Order affirmed.

CANTY, J.

I concur, except as to the last proposition, regarding assumption of risk. It is not necessary to consider the question in this case.