JOHN BIRMINGHAM v. DULUTH, MISSABE & NORTHERN RAILWAY COMPANY.[1]

December 20, 1897.

Nos. 10,647—(61).

Pleading—Complaint—Sufficiency—Negligence—Injury to Employee.

In an action to recover for personal injuries caused by the alleged negligence of the defendant, *held*, that the complaint was not demurrable on the ground that it did not state a cause of action, in that it appeared on its face that the plaintiff's injuries were caused either by his own negligence or by that of a fellow servant.

Action in the district court for St. Louis county to recover $15,000 for personal injuries suffered by plaintiff while in the employ of defendant company. Defendant demurred to the complaint. The substance of the allegations of the complaint is stated in the opinion of CANTY, J. From an order overruling the demurrer, Ensign, J., defendant appealed. Affirmed.

*Joseph B. Cotton* and *Geo. Welwood Murray,* for appellant.

The parties were not engaged in the actual operation of a railroad within the meaning of Laws 1887, c. 13. Lavallee v. St. Paul,

1 Reported in 73 N. W. 409.

40 Minn. 249 (1889). Cushing's act, causing the injuries to plaintiff, was the act of a fellow servant. Lindvall v. Woods, 41 Minn. 212; Brown v. Winona, 27 Minn. 162; Fraser v. Red River, 42 Minn. 520; Marsh v. Herman, 47 Minn. 537; Ell v. Northern Pacific, 1 N. D. 336; Blomquist v. Chicago, 60 Minn. 426; Carlson v. Northwestern, 63 Minn. 428; Soutar v. Minneapolis, 68 Minn. 18; Lundberg v. Shevlin, 68 Minn. 135. See, also, Anderson v. C. N. Nelson, 67 Minn. 79; Kielley v. Belcher, 3 Sawyer, 500; McLean v. Blue Point, 51 Cal. 255; Wood v. New Bedford, 121 Mass. 252; Kelley v. Norcross, 121 Mass. 508; Bergstrom v. Staples, 82 Mich. 654; Ell v. Northern Pacific, supra; Olson v. St. Paul, 38 Minn. 117; Anderson v. Winston, 31 Fed. 528; Crispin v. Babbitt, 81 N. Y. 516; Cullen v. Norton, 126 N. Y. 1; Friedrich v. City, 68 Minn. 402; Heine v. Chicago, 58 Wis. 525; Hennig v. Globe (Mich.) 71 N. W. 156; Morch v. Toledo (Mich.) 71 N. W. 464; Cowles v. Chicago, 102 Iowa, 507. Laws 1895, c. 173, is merely declaratory of the common law and does not change the rule of law as to contributory negligence and assumption of risks by the servant. Lundberg v. Shevlin, supra; Hess v. Adamant, 66 Minn. 79; Soutar v. Minneapolis, supra.

The defendant performed all its duties in respect to instrumentalities if and when it furnished machinery of the same kind and style as is in common use generally where the same or similar work is performed. Werbowlsky v. Fort, 86 Mich. 236; Murphy v. Great Northern, 68 Minn. 526; Griggs v. City, 9 Minn. 231 (246); Mann v. Morewood, 5 Sandf. 557, 564; Flynn v. City, 134 Mass. 351; Howland v. Milwaukee, 54 Wis. 226; Collier v. Steinhart, 51 Cal. 116; Hanna v. Granger, 18 R. I. 507; Hart v. Peters (Wis.) 13 N. W. 219; Crown v. Orr, 140 N. Y. 450; Larich v. Moies, 18 R. I. 513; Loughlin v. State, 105 N. Y. 159; Hofnagle v. New York, 55 N. Y. 608; McCosker v. Long Island, 84 N. Y. 77; Laning v. New York, 49 N. Y. 521; Stutz v. Armour, 84 Wis. 623; Kliegel v. Weisel, 84 Wis. 148; Dwyer v. American, 82 Wis. 307; Kenney v. Shaw, 133 Mass. 501; Flynn v. City, 134 Mass. 351; Thompson v. Chicago, 18 Fed. 239; Buckley v. Gould, 14 Fed. 833.

*H. H. Phelps*, for respondent.

It is not necessary to charge negligence in terms if facts are set

out which raise a presumption of negligence. 2 Thompson, Neg. 1246, § 26, and cases cited; Blue v. Briggs, 12 Ind. App. 105; Louisville v. Stommel, 126 Ind. 35; Franklin v. Winona, 37 Minn. 409; Myhre v. Tromanhauser, 64 Minn. 541; Rolseth v. Smith, 38 Minn. 14; Lindvall v. Woods, 41 Minn. 212; Carlson v. Northwestern, 63 Minn. 428; Blomquist v. Chicago, 60 Minn. 426, 433, 434; Abel v. Butler-Ryan, 66 Minn. 16; Hess v. Adamant, 66 Minn. 79; Johnson v. Minneapolis, 67 Minn. 141; Lundberg v. Shevlin-Carpenter, 68 Minn. 135; Friedrich v. City, 68 Minn. 402; Murphy v. Great Northern, 68 Minn. 526.

A general allegation of negligence is sufficient to admit proof of particular acts constituting negligence and is good against demurrer. Clark v. Chicago, 28 Minn. 69; Roger v. Truesdale, 57 Minn. 126; Pittsburg v. Welch, 12 Ind. App. 433; Citizens v. Lowe, 12 Ind. App. 47; Ohio v. Craycraft, 5 Ind. App. 335; Preston v. St. Johnsbury, 64 Vt. 280.

MITCHELL, J.

This was an action to recover for personal injuries resulting from the 'alleged negligence of the defendant. The appeal is from an order overruling a demurrer to the complaint on the ground that it did not state a cause of action. The contention of the defendant is that it appears from the face of the complaint that the plaintiff's injuries were caused either by his own negligence or by that of his fellow servant, one Cushing, the foreman and engineer; it being admitted by the plaintiff that the case does not fall within G. S. 1894, § 2701. Inasmuch as negligence is a mixed question of law and fact, and hence an allegation that a thing was negligently done or omitted one of fact, and not a mere conclusion of law, it is very rarely the case that a defendant can successfully demur to such a complaint, unless the pleader had purposely attempted to commit legal suicide. As was said in Rolseth v. Smith, 38 Minn. 14, 35 N. W. 565:

"Perhaps a fair test of the sufficiency of the pleading in that regard is whether, under its allegations, evidence might be introduced sufficient to establish a cause of action."

The complaint in this case is so lengthy, by reason of statements

of matters of detail, that it must be left to speak for itself. And as it is impossible to say, in advance, what light the evidence will cast upon the situation, it might be misleading rather than helpful to enter into any extended analysis or discussion of the facts alleged.

Upon the question of plaintiff's own conduct, all we deem it necessary to say is that it does not appear—not conclusively, at least—that he was guilty of contributory negligence, or that he knew, or in the exercise of reasonable care ought to have known, all the risks incident to the execution of the order of the foreman. Upon the facts alleged, that would be, at least, a question for the jury. The fact that contributory negligence need not be negatived in the complaint, but is purely a matter of defense, adds force to this view. Leaving out of view for the present any other charge of negligence against the defendant, it might, under the allegations of the complaint, be a question for the jury whether, under the circumstances, it was not the duty of the defendant to give the plaintiff warning of the risks incident to the performance of his duties. If it was, this was an absolute duty of the master, for the neglect of which he could not absolve himself by leaving the performance of it to some one else. If such a duty rested on the defendant, the foreman, Cushing, who was the only person present who had charge of the work and of the men, was, as to the performance of that duty, the representative of the defendant and for his negligence, if any, in that regard, the defendant is responsible. The fact that the same person was both foreman and engineer, and that in the latter respect he was a mere fellow servant with the plaintiff, does not alter the case.

Order affirmed.

CANTY, J.

I concur in the result arrived at for the following reasons: This is an action for damages for personal injuries alleged to have been caused by the negligence of defendant while plaintiff was in its employ in and about the operation of a steam shovel.

The complaint alleges, in substance, that the steam shovel was attached to a large swinging derrick or crane, which projected upward and outward from the deck of a railroad car, on which were

two upright steam engines which operated the steam shovel; that between the steam engines and the foot of the swinging crane there were drums, around which chains were wound and used in operating the shovel; that the drums were operated by steam, and controlled by levers, which were manipulated by the engineer, who was also the foreman of the crew of employees, including plaintiff; that the engines were inclosed in a small house built on the deck of the car; that there was a small door on the side of this house, and within the house, between the engines and the side of the house, there was a long, narrow passage leading from the door to a large jack or pan light which was used to furnish light to the employees loading the cars with earth, when the steam shovel was being operated in the nighttime; that the light was placed on "the upper left-hand corner" of the shovel, and was made by burning waste saturated with oil. It is further alleged that the floor near and about the engines was at the time in question

"Very greasy and slippery, and one passing them was very liable to slip and fall," and "when said shovel, drums and engines were in motion, they caused said car to rock and pitch, which made the floor very difficult to walk upon, and dangerous to one near said machinery."

It is also alleged that plaintiff was employed at night as a watchman; that a part of his duties was to keep the jack light in order; and on the night in question he was ordered by the foreman "to touch up or fix the jack light." It is further alleged:

"That the only way plaintiff or any one else could reach said jack or pan lamp or light was by passing from near the doors of said shovel car, by and near said engines and drums, to the left-hand corner thereof; that, when said command or order was given to the plaintiff by said H. W. Cushing (foreman), the plaintiff was standing near the left-hand door of said shovel car, and said H. W. Cushing at the front of said car near said levers; that, immediately after said command or order was given, the plaintiff, in obedience thereto and in the exercise of due care and caution, started to fix or touch up said jack light, and attempted to pass by the engine nearest him, when said H. W. Cushing carelessly, negligently, and without any warning to the plaintiff, started said steam shovel and machinery in motion, which made said shovel car rock and pitch, and cause the plaintiff, without any negligence or fault on his part

and while in the exercise of due care and caution, to slip and fall towards and against said engine, and force his right arm and elbow under the crosshead of the same, which in its motion caught the plaintiff's right elbow, and crushed it; * * * that said H. W. Cushing well knew that, at the time he gave the command or order as aforesaid, the only way said jack or pan lamp could be reached in the execution of such command or order was by the way attempted by said plaintiff; that said plaintiff had worked but a few days in and about said steam shovel and car when he was injured, and had but little knowledge of their dangerous character, and that he had received no instructions or warnings as to their dangerous character."

It is also alleged that Cushing, the engineer and foreman, had complete control of the operation of this steam shovel, and complete supervision of all the other servants employed in and about the same, and employed and discharged all such servants.

Respondent conceded that the case does not fall within Laws 1887, c. 13 (G. S. 1894, § 2701), as that act has been construed by this court.

I am of the opinion that the complaint states a cause of action without the aid of that statute. The foreman or superior servant is not a vice principal, as to the inferior servants under him, merely because he has authority to hire and discharge or direct such inferior servants. Such a foreman is a vice principal only in certain cases which are exceptions to this general rule. One of these excepted cases is where there is between the foreman and the inferior servant injured such disparity of knowledge or skill, as regards the particular conditions or danger out of which the injury arose, that it was the duty of the foreman to protect the inferior servant. That is, where, in respect to the particular danger, the foreman has or should have knowledge or skill, which the inferior servant neither has nor can be expected to have, and the inferior servant is injured by reason of his want of such knowledge or skill, such disparity exists, and the foreman should be held to be a vice principal, for whose negligence the master is liable.

There are many cases where the inferior servant knows, or should know, as much about the conditions and dangers which surround him as the foreman knows or can be expected to know; where the inferior servant is as well able to protect himself as the foreman is

to protect him. In such a case, the foreman and the inferior servant stand on an equal footing; and if the inferior servant is injured by the negligence of the foreman, even in the performance or nonperformance of a duty which devolves on him as foreman, there is no substantial disparity between them. The inferior servant knows and appreciates the danger to be avoided and the means of avoiding it as well as the foreman, and they are fellow servants. There are other cases where the inferior servant has not the knowledge or skill necessary to protect himself, while the foreman has or should have such knowledge or skill, and it is his duty to exercise it for the protection of such inferior servant. There are many such cases where the inferior servant is powerless to protect himself, and must depend wholly on the superior knowledge or skill of the foreman.

Whenever substantial disparity exists between the foreman and the inferior servant in this respect, the policy of the law calls for a higher degree of responsibility, and the foreman should be held to be a vice principal. Whether or not such disparity exists is ordinarily a question of fact for the jury. In other words, it is a question of fact for the jury whether or not such a foreman is a vice principal. Johnson v. Minneapolis, 67 Minn. 141, 69 N. W. 713.

Let us now apply these principles to the case at bar. On the allegations of the complaint, it is a question for the jury whether or not the foreman, as foreman, negligently drew the plaintiff into a trap. If the plaintiff was in the habit of going through this narrow passage, or if it was his duty to do so while the machinery was in operation, then he was not drawn into any such trap. But the allegation that the acts in question were done "negligently" is a sufficient allegation that he was drawn into such a trap if that would constitute negligence. True, the foreman acted also as an inferior fellow servant, but the defendant cannot escape responsibility for his acts and omissions as foreman merely because he acted also as an inferior fellow servant. Let us separate his act as foreman from his act as an inferior servant under the foreman. For this purpose, let us suppose that the foreman and the engineer were two different persons; that the foreman ordered plaintiff to proceed from the door through this narrow passage to fix the jack

light, and after he had got into the narrow passage, the foreman knowing that fact or having good reason to know it, ordered the engineer to start instantly the machinery and proceed with the operations of the steam shovel; that the engineer obeyed, and plaintiff was injured. The disparity which in that case the jury might find to have existed would consist in the fact that the foreman had in his mind something of which plaintiff had no knowledge; that plaintiff was injured by reason of the fact that he had no knowledge of it, and, under the circumstances, it was the duty of the foreman, as foreman, to protect the plaintiff.

That something which plaintiff did not know is that the foreman was about to order the machinery started while plaintiff was in this dangerous position in this narrow passage. But it must also be remembered that the conditions were not such as required the intervention of a foreman for the protection of plaintiff at all, and it may be that Cushing acted, not as foreman, but as an inferior fellow servant, in what he did.

In the case of Hess v. Adamant, 66 Minn. 79, 68 N. W. 774, a sand elevator, which extended upward through several floors of a factory, was in the habit of becoming clogged, and the inferior servant injured was in the habit of cleaning it out at such times. At the time in question, while he was down in the basement with his arm in the elevator boot cleaning it out, the foreman on the next floor above negligently started the elevator without ascertaining whether or not the inferior servant was so engaged, whereby the latter was injured. It was held that the trial court properly left it to the jury to determine whether or not in starting the elevator the foreman was acting as foreman or only as an inferior fellow servant. But in that case the two persons could not see each other, and neither one could tell what the other was doing, except by going to the other floor to ascertain; and the jury were warranted in finding that, unless the foreman was acting as such, there was a failure to provide for properly superintending the work. But in the case at bar there was, as regards the particular conditions in question, little or no occasion for the intervention of a foreman.

The plaintiff and the engineer (Cushing) could see each other, and

each could tell what the other was doing. Under these circumstances, the question arises, would the jury be warranted in finding that Cushing acted as vice principal even if they found that he acted as foreman? While plaintiff and Cushing, as engineer, were fellow servants who stood on an equal footing, and the intervention of a foreman was unnecessary, yet the foreman by his active interference might, by virtue of his superior authority, have created dangerous conditions which would not otherwise have existed. Not only so, but he might have created dangerous conditions which he knew, or should have known, would be likely to injure plaintiff, while plaintiff would not know of these dangers in time to protect himself from them. If the latter was the case, the foreman was a vice principal for whose negligence the master is liable.