FRANK SHEBECK, Administrator of the Estate of William
 Shebeck, Deceased, Appellant, v. THE NATIONAL
 CRACKER COMPANY, Appellee.

Master and Servant:  ASSUMPTION OF RISK:   BURDEN OF PROOF:
1  INSTRUCTION. In an action for injuries resulting in the death
 of a servant, owing to alleged defective machinery and negli-
 gence of the master to keep it in repair, where the answer
 alleges that the defective condition of the machinery was
 known to deceased and that he remained in defendant's
 employ without objection, the issue of assumption of risk is
 tendered with the burden upon the defendant, and a general
 instruction that under the issues the burden is on the plaintiff
 is erroneous.

Liability of Master:  INSTRUCTION:   In an action for damages for
2  the death of an employe engaged in operating machinery, an
 instruction that "if you find from the evidence that the nut
 at the end of the shaft in question was in the habit of coming
 off, or that it was off for hours at a time, or that by reason of
 such defect the wheel came out, the defendant was guilty of
 negligence" is misleading and states the rule of the master's
 liability in the case too narrowly.

Assumption of Risk:  AGE AND EXPERIENCE:   INSTRUCTION.   On an
3  issue of the assumption of risk, age and experience of the
 servant should be considered in determining whether he knew
 or ought to have known and appreciated the danger, and fail-
 ure to instruct upon this branch of the case was error.

Stating Issues. The court should so far as possible state the issues
4  in an abbreviated form rather than by substantially setting
 out the pleadings, as there is less liability to confusion.

Practice:  OBJECTION TO THE RECORD:   MOTION TO STRIKE.   Objec-
5  tions to the record or the manner in which it has been pre-
 served must be specifically pointed out or the objection is
 waived, and a motion to strike will not lie.

*Appeal from Cedar Rapids Superior Court.*--HON. T. M.
 GILBERSON, Judge.

SATURDAY, MAY 16, 1903.

· ACTION at law to recover damages for personal injuries occasioned by defendant's negligence. Verdict and judgment for defendant, and plaintiff appeals.—*Reversed.*

*Rickel, Crocker & Touriellot* for appellant.

*Jamison & Smyth* for appellee.

WEAVER, J.—It is alleged that William Shebeck, an inexperienced boy of eighteen years, was employed by defendant in its cracker factory, and set to work feeding dough through the rollers of a machine there in use; and while thus employed he was, without fault on his own part, caught in the gearing of said machine, receiving injuries from which death ensued. The defendant is charged with negligence in failing to instruct and warn the deceased concerning the dangers attending the use of said machines; in failing to properly box or otherwise guard the wheels and gearing, which were operated at very great speed and were out of repair, thus increasing the danger to those working near them; and in neglecting to provide a safe place for said employe to work. Damages are asked for the loss to the estate of the deceased; also for the loss of his services to his father, who has assigned his claim therefor to the plaintiff. The defendant denies the petition; says the dangers of the employment, if any, and the defects, if any, in the machinery, were open and visible, and the risk thereof was assumed by the deceased. There was evidence tending to show that deceased was young and inexperienced; that to perform the work to which he was assigned he was required to stand between two uncovered wheels revolving at considerable speed; that the machinery was worn and out of repair, by reason of which a nut and pin holding one of the wheels upon its shaft would become loose, and the pin would protrude from the end of, the shaft; that when in this condition the clothing of the

attendant was liable to be caught and wound· upon the
shaft; that such was the condition of the machine at the
time of the accident, and such the manner in which said
employe received his injuries.    It is also shown, or the
jury would have been justified in finding, that this defective
condition of the machinery had existed, to the knowledge
of the defendant, for a long time prior to the employment
of deceased.    It was· no part of the young man's duty to
manage or repair the machinery, such service being per-
formed by an engineer employed for that purpose.    It also
appears that the gearing of the machine was adjustable to
different rates of speed for different grades of work, and
that on the day of the accident a change had been made
by which the motion was accelerated.    The errors assigned
are based largely upon the charge of the court to the jury,
and upon the refusal to give instructions asked by the
plaintiff.

    I.    By the second paragraph of the charge the jury
were told that the burden of proof under the issues was
upon plaintiff, and by the fifth paragraph they were further

1. ASSUMPTION
of risk: bur-
den of proof:
instructions.

told that if the deceased, while employed by
defendant, knew the defective condition of
the machine, or could have known it by the
exercise of ordinary care, and continued to work there
without protest or promise of the defendant to make re-
pairs, then there could be no recovery of damages.    These
instructions are erroneous.    True, the burden was upon
plaintiff to establish the alleged negligence of defendant,
the consequent injury of the deceased, and his freedom
from contributory negligence, but the pleadings, as we
have seen, presented another issue.    The answer alleged
that the defective condition of the machinery was well
known to the deceased, and that, knowing it, he remained
in defendant's service without protest.    In other words,
the answer tenders a plea of assumption of risk, and upon
this issue the jury should have been told the burden was

on defendant. *Nicholaus v. R. R.*, 90 Iowa, 85; *Thompson v. Railroad Co.*, 70 Minn. 219 (72 N. W. Rep. 962); *Nadau v. White R. L. Co.*, 76 Wis. 120 (43 N. W. Rep. 1135, 20 Am. St. Rep. 29). The effect of the court's charge was to reverse this rule, and cast the burden upon the plaintiff, and we cannot say the error was without prejudice.

II. The fourth paragraph of the charge is in the following words: "You are instructed that if you find from the evidence that the nut on the end of the shaft in.ques- 2. LIABILITY of tion was in the habit of coming off, or that it master: in- struction. was off for hours at a time, or that by reason of such defect the wheel came out, the defendant was guilty of negligence." The same language is, in substance, repeated in another paragraph. We think the jury would have been justified in drawing the conclusion from this instruction that defendant could not be held chargeable with negligence unless it was first found that the "wheel was in the habit of coming off, or that it was off for hours at a time." It is very probable the court did not mean to be so understood, but the language employed is fairly capable of such construction, and had a clear tendency to mislead the jury. Certainly, the negligence of defendant is not to be made dependent upon the fact that the nut worked loose so often that the condition may be called "habitual," or upon its being allowed to continue in that condition for "hours." It was defendant's duty not only to provide its employes a reasonably safe place to work, but to use reasonable care and prudence in providing machinery and appliances safe and suitable for his use. This duty involves not only the furnishing of safe machinery, but watchfulness to keep it in safe repair. *Brann v. R. R.*, 53 Iowa, 595; *Knapp v. R. R.*, 71 Iowa, 41; *Rogers v. Ludlow*, 144 Mass. 198 (11 N. E. Rep. 77, 59 Am. Rep. 68); *Ford v. R. R*, 110 Mass. 240 (14 Am. Rep. 598). See,

also, Wharton's Negligence, sections 212, 282. In other words, the master is to be held responsible not alone for defects of which he has actual knowledge, but for those, as well, which the exercise of reasonable care and diligence on his part would have brought to his notice. This is to be considered, of course, in connection with the other rule, which holds the employe to assume the risk of all dangers which naturally or ordinarily pertain to the employment upon which he enters, as well as those dangers which are open and obvious to his senses as a person of ordinary intelligence and care. He is not required to inspect or search for obscure dangers or defects in his place of work, or in the machinery or appliances furnished him. He may rely upon the master having performed the duties which attach to that relation, save only as to such matters as are open to his observation, or such as, in the ordinary discharge of his employment, we may fairly say ought to have come to his knowledge. We hold, therefore, that the fourth paragraph of the charge states the rule of the master's liability in this case much too narrowly, and should not have been given.

III. The court's charge, as a whole, is open to the objection made that it wholly ignores one very material feature of the plaintiff's claim. It is charged, and the
3. ASSUMPTION of risk: age and experience: instruction. evidence tends to show, that the deceased was about eighteen years of age; that he entered defendant's employment only a few days before his injury, having no experience in that kind of work. There is nothing tending to show whether he did or did not receive any instructions or warnings as to the dangers of his position, and it was proper, therefore, not to submit to the jury the allegation of negligence based on defendant's failure in this respect; but the fact of the youth and inexperience of the deceased remained an important element for the consideration of the jury, and especially with reference to the question of contributory negligence and

assumption of risk.   The degree of care he was bound to
exercise to absolve himself from contributory negligence
is such care as might reasonably be expected from one of
his age and experience under like circumstances and sur-
roundings.   So, also, even though he knew the machine to
be defective, yet, in order to impute to him either con-
tributory negligence or assumption of risk, the jury must
further find that he knew, or as a reasonably prudent per-
son under the same circumstances he ought to have known,
that such defect was a source of danger.   *Stomme v. Pro-
duce Co.*, 108 Iowa, 140; *Sullivan v. R. R. Co.*, 107 Mo. 66
(17 S. W. Rep. 748, 28 Am. St. Rep. 388); *Wuotilla v.
Duluth*, 37 Minn. 153 (33 N. W. Rep. 551, 5 Am. St. Rep.
832); 20 A. & E. Ency. Law (2d Ed.) 122.   It is obvious,
therefore, that the age and experience of the person are
not to be overlooked in determining whether he knew or
ought to have known and appreciated the peril, and these
are material inquiries in considering the issue of assump-
tion of risk.   *Jones v. Florence M. Co.*, 66 Wis. 268 (28 N.
W. Rep. 207, 57 Am. Rep. 269); *Dowling v. Allen*, 74 Mo.
13 (41 Am. Rep. 298); *Parkhurst v. Johnson*, 50 Mich. 70
(15 N. W. Rep. 107, 45 Am. Rep. 28).   The appellant
asked the court to instruct the jury upon the law in this
respect, and in failing so to do there was error.

IV.   The court, instead of stating the issues to the
jury in abbreviated form, set out substantially the entire
petition and answer.   We realize the difficulty which trial

4. STATING
issues.

courts often find in endeavoring to condense
the issues into a brief statement without giv-
ing ground for complaint that some essential proposition
has been omitted.   But danger of confusing the jury by a
too extended and literal recitation of all the matters with
which counsel frequently burden their pleadings is to be
discouraged and avoided, and we think the issues here
could have been rendered much clearer by abbreviation of
the statement; *Swanson v. Allen*, 108 Iowa, 419; *Robin-*

*son v. Berkey*, 100 Iowa, 136. We should not be inclined to reverse upon this ground alone in the present case, but call attention to the rule in order that the objection may be obviated on a retrial. Other errors are assigned, but the questions involved are not likely to arise upon another trial, and we will not take the time to discuss them.

V. Appellee has moved to strike from appellant's abstract so much thereof as purports to set out the evidence in the case, and to dismiss the appeal because it is not shown that such evidence was preserved and made of record by a bill of exceptions. The motion cannot prevail.

5. PRACTICE: objection to the record: motion to strike.

Appellee, by way of preface to its argument, filed an additional or amended abstract of the evidence, and while therein complaining that appellants abstract was not a full and fair statement of the record, no where denies or puts in issue the preservation of the record by a proper bill of exceptions. Under the repeated holdings of this court, we are bound under such circumstances to treat the abstract and amendment as containing all the evidence which the parties deem material to the questions raised by the appeal. General denials will not avail. They must point out especially the alleged defect. Supreme Court rule 22. If any questions are to be argued as to the sufficiency of the steps by which the record has been preserved, the issue must be raised by specific denial; otherwise, the objection is waived, and a motion to strike will not lie. *Kirchman v. Coal Co.*, 112 Iowa, 668; *McGillivary v. Case,* 107 Iowa, 17; *Palmer v. Clark,* 114 Iowa, 558; Code, 1897, section 4118. Appellee, though having the opportunity in its amended abstract, tendered no such issue, and, under the well-settled rule of practice in this court, we cannot now consider it, and the motion is denied.

For the reasons hereinbefore stated, the judgment appealed from is REVERSED.