## RUTH W. AND WYLIE W. STONE v. PUFFER-HUBBARD MANUFACTURING COMPANY.[1]

October 14, 1932.

Nos. 29,094, 29,095.

[1]Reported in 244 N. W. 555.

*L. A. Hubachek* and *A. X. Schall, Jr.* for appellants.
*H. Z. Mendow* and *S. E. Jacobs,* for respondent.

HILTON, J.

Ruth W. Stone and Wylie W. Stone were wife and husband. Each sued defendant, the former to recover for damages sustained because of injuries suffered by her on account of the claimed negligence of defendant, and the latter for expenses incurred in the care of his wife and for damages sustained by him in deprivation of her services resulting from such injuries. The two cases were consolidated for trial.

Defendant was the manufacturer of washing machines, to each of which and as a part thereof a wringer with an emergency release for safety in operation was attached. Plaintiff husband purchased from defendant such a machine and wringer, which at the time of the accident were being operated by his wife. The complaint in the husband's action was practically the same as that of his wife except as to the damages claimed. Paragraphs 5, 6, and 7 of the wife's complaint requiring attention here are as follows:

"5. That through the negligence of the defendant said wringer and the emergency release thereon was so made that it could not be released or operated in any manner; and was so constructed as to be wholly unfit and insufficient for the purpose for which it was intended; and was so constructed that it was dangerously faulty and defective and dangerous to the life and limb of anyone who might use it in the ordinary way; but its defects were not evident from an inspection thereof and were unknown to plaintiff herein.

"6. That the defendant knew, or in the exercise of reasonable care and prudence ought to have known, of the aforesaid defects, inefficiency and insufficiency in said appliance, and had reason to apprehend that the use of said washing machine by the plaintiff, or by anyone, would be attended by serious personal injury.

"7. That on or about the 5th day of May, 1930, while plaintiff was using and operating said washing machine in the ordinary way such an appliance is used and operated her right hand was caught in the rollers of said wringer and by reason of the aforesaid defective, unfit, insufficient condition of the emergency release, and the failure of the same to function in the manner and for the purposes intended she could not release her hand from said rollers and it was drawn into said wringer to the wrist and her hand and wrist were seriously and painfully crushed and bruised, and permanently marred, scarred and disfigured, to her damage in the sum of Three Thousand Dollars ($3,000.00)."

To the complaint of each plaintiff, defendant answered with a general denial and affirmatively alleged that if Mrs. Stone sustained any injuries or damage at the time and place mentioned in the complaint the same were caused by her own carelessness and negligence contributing to or causing said injuries or damage, and without any fault or negligence on the part of defendant or by reason of any defect in the machine. A reply in each case denied the affirmative allegations contained in defendant's answer.

When the cases were reached for trial and plaintiff wife was on the stand, defendant objected to the introduction of any evidence upon the ground and for the reason that the complaints did not state facts sufficient to constitute a cause of action. The objection of defendant was sustained in each case, and judgment was entered dismissing both actions. From those judgments this appeal was taken.

Respondent's contention, that the complaints show on their face that Mrs. Stone was guilty of contributory negligence as a matter of law and that it appears thereon that the negligence of respondent, if any, was not the proximate cause of the injuries sustained, is not well taken. In a situation such as is here presented, the rule to be adopted in construing the complaint is even more liberal than if a demurrer to it were being considered. We think the court erred in sustaining an objection to the introduction of evidence under the complaints on the ground that they did not state

facts sufficient to constitute a cause of action. Proper evidence should have been admitted. 5 Dunnell, Minn. Dig. (2 ed.) §§ 7549, 7687, 7688, and cases cited; Rolseth v. Smith, 38 Minn. 14, 35 N. W. 565, 8 A. S. R. 637; Lydecker v. St. Paul City Ry. Co. 61 Minn. 414, 63 N. W. 1027; Birmingham v. D. M. & N. Ry. Co. 70 Minn. 474, 73 N. W. 409.

Judgments reversed.