OLAF KOLSTI, an Infant, by his Guardian, *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

May 31, 1884.

**Charge to Jury.**—The rule that a trial court need not charge the jury in the language of a request, if the propositions contained in it are fully and clearly stated in the general charge, followed.

**Railway—Care of Turn-table to prevent Injury to Children.**—Where the issue is negligence in the care of and manner of guarding a railroad turn-table, for the purpose of preventing children of tender years, having access to it, being injured, it is competent to prove that the fastenings to it were similar in character to those in general use on such turn-tables; following *Kelly* v. *Southern Minn. Ry. Co.,* 28 Minn. 98.

**Same—Expert Evidence.**—A witness who has been employed in railroad work 25 years, part of the time in charge of a turn-table, is competent to answer the question: "Would it be practicable to lock or fence turn-tables?"

Appeal by plaintiff from an order of the district court for Hennepin county, *Koon,* J., presiding, refusing a new trial.

*Babcock & Davis,* for appellant.

*J. D. Springer,* for respondent.

GILFILLAN, C. J.    This was an action for injuries to plaintiff, a child of eight years, received while playing on a "turn-table" belonging to and situated on the ground of defendant.    The complaint makes a case similar, in its essential features, to that of *Keffe* v. *Milwaukee & St. Paul Ry. Co.,* 21 Minn. 207.    It is doubtful if, within the rule laid down in that case, a verdict for the plaintiff could have been sustained on the evidence introduced at the trial.    But the case was submitted to the jury, who found for defendant.    The court, in its general charge, very fully and clearly defined the rule laid down in the case referred

to as the one applicable to this case, and, that rule being the utmost that plaintiff could claim on the evidence, it was no error in it to refuse to state it in the language chosen by plaintiff in his fifth request. The propositions therein contained (so far, at least, as they were unexceptionable) were stated in the general charge, and in terms less liable to be misunderstood than those employed in the request. It was also no error to give defendant's first request, that "the defendant was not required to so fasten or secure the turn-table in question that boys like the injured boy could not displace such fastenings and put the table in motion." The contrary of this would impose upon the defendant more than the ordinary care required of persons who have upon their own premises dangerous machines, attractive to and open to the access of children of tender years; would, in effect, make it an insurer of the safety of such persons.

On the trial, the court permitted defendant, against the objection of plaintiff, to prove that the fastenings to this turn-table were similar in character to those in general use on turn-tables. This is alleged as error. The authorities are not entirely agreed as to whether evidence of that character is admissible on the question of negligence or due care. But it may be regarded as settled, in this state, in the affirmative, by the case of *Kelly* v. *Southern Minn. Ry. Co.*, 28 Minn. 98. When the question is, did a person use ordinary care in a particular case, the test is the amount of care ordinarily used by men in general, in similar circumstances. If it be matter of common knowledge, such amount of care needs no proof—the jury take notice of it. But if it pertain to some special business which the jury cannot be supposed to know, it may be proved.

To the question put by defendant to one of its witnesses, "whether it would be practicable to lock or fence turn-tables," the only objection urged here is that the witness was not an expert. The question calls for a fact, rather than an opinion; but if it were the latter, the witness, who had been employed in railroad work 25 years, part of the time with a turn-table under his charge, showed himself competent to give one.

Order affirmed.