JERRY K. EMERSON, Administrator, *vs.* FRANCIS PETELER.

September 6, 1886.

35  481
39  168
35  481
f82  65

**Negligence—Injury to Child by Cars used in grading Street—Duty of Contractor.**—The defendant was employed in grading and improving a public street, under a contract with the municipal authorities of a city, and, in the lawful occupation thereof for such purpose, was engaged in transporting earth a considerable distance along the same to make a fill. The cars moved slowly, and were dangerous only to persons attempting to ride upon them, or accidentally falling upon the track in front of the wheels. *Held,* in respect to the risk of such accidents, that the measure of defendant's duty was reasonable care, and that such duty did not ex-

v.35m—31

tend to the employment of men specially to keep watch of the approach of children or others to prevent them from invading and riding upon the cars when in actual use, but when, in the use of ordinary care, their presence was discovered, to use due diligence to prevent any injury to them.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, setting aside a verdict of $2,500 in his favor, and granting a new trial.

*Erwin, Ryan & Ives*, for appellant.

*W. E. Hale*, for respondent.

VANDERBURGH, J.   This action is brought to recover damages for personal injuries resulting in the death of the plaintiff's son, alleged to have been caused by the defendant's negligence.   At the time of the accident, and for several months previous thereto, the defendant was engaged, under a contract between himself and the municipal authorities of the city of St. Paul, in grading L'Orient street, in that city, and in so doing was required to excavate that portion of the street north of Glencoe street, which it crosses, including Mt. Airy street, which connects with it on elevated ground.   The earth so excavated was transported by small portable dump cars.   There was a double track laid in the street, and the ascent from Glencoe street to Mt. Airy street was such that the momentum of the loaded cars in their descent was sufficient to draw the empty cars back upon the opposite track, to be reloaded.   The descending loaded cars were let down, four at a time, by a wire cable controlled by a "man with a brake" at the junction of Mt. Airy street.   The cars were stopped near Glencoe street, where the cable was unhitched by the person in charge at the lower end of the line, and were propelled by hand-power slowly for a short distance, and were then hauled by horses to the dumping place, a considerable distance north of Glencoe street.   The business appears to have been managed in the usual way at the time of the accident.   The boy who was killed was five years old.   Without the knowledge of his mother, in whose care he was, he accompanied his sister, who was 10 or 11 years of age, into the street; and, coming to L'Orient street, they climbed upon the bumper in front of one of the loaded cars, then at or near Glencoe street, to ride.   The cars were started, and, before they stopped, the girl jumped off, and

then the boy either jumped or fell off, and was killed. It does not appear that the children were seen by any of defendant's employes in time to have prevented the accident, or that there was any negligence in the management of the cars, or in conducting the business. Defendant's employes had been previously annoyed by the presence of boys from the vicinity seeking to ride on the loaded cars as they descended the hill to Glencoe street, and he had given orders to them not to allow any one to ride on the cars, and residents in the neighborhood had been warned not to allow their children to do so. These children had been particularly warned and cautioned not to go near these cars. No previous accident of the kind had occurred. The only ground upon which negligence is predicated in this case, as we understand it, is the failure of the defendant to provide better police supervision of the movement of the cars, in order to prevent children from boarding them under the temptation to ride.

It is urged by counsel for the plaintiff that, if the children had understood that there was a watchman there whose special business it was to keep them off, they would not have attempted to get on the cars, and that the mere fact that the men who were engaged about the work ordered them off when they were seen, their attention being occupied with their employment, only sharpened the impulses of the children to ride when they were not observed. But we do not think that the law required the defendant, under the circumstances, to provide police supervision to keep off intruders or trespassers from these cars, whether children or adults. He was engaged in improving the street, and his cars and track were lawfully in it for such purpose. For aught that appears, the cars were properly constructed and carefully managed. The nature of the work, and character of the cars, and manner in which they were operated, were patent. There was no danger to persons crossing the street, and no warning of their approach was needed. We discover no evidence in the case tending to prove negligence on the part of the defendant in conducting this work. Defendant's management, and all the arrangements for moving these cars, were reasonably safe as respects danger to persons using ordinary care. This was the measure of defendant's duty. *Gavin* v. *City of Chicago*, 97 Ill. 66, 71; *Hestonville Pass. Ry. Co.* v.

*Connell,* 88 Pa. St. 520; *Gillespie* v. *McGowan,* 100 Pa. St. 144, 150, 151. Where there is no negligence, the incapacity of a child who happens to be injured cannot create any liability. *Kay* v. *Penn. R. Co.,* 65 Pa. St. 269, 276. The burden rested on the plaintiff to establish defendant's negligence, and it is not claimed that there was any, unless the failure to employ sufficient help to watch and keep children away was such. But the duty which defendant owed these children was not to keep constant watch, or to use extraordinary care to prevent their approach, but, when discovered in the exercise of ordinary care, to use proper diligence to prevent any injury to them. *Scheffler* v. *Minn. & St. L. Ry. Co.,* 32 Minn. 518, (21 N. W. Rep. 711.)

*Keffe* v. *Mil. & St. Paul Ry. Co.,* 21 Minn. 207, is invoked by plaintiff in support of his position. The defendant in that case was held guilty of negligence in leaving a turn-table unfastened, because it was a place where children were induced to amuse themselves by putting it in motion when not fastened. The premises were such as to invite their presence, and the danger was not apparent, but concealed. But in *Kolsti* v. *Minn. & St. L. Ry. Co.,* 32 Minn. 133, (19 N. W. Rep. 655,) where a child of eight years went on a turn-table to play, and displaced the fastening himself, which was of the ordinary kind, and put the table in motion, and was injured, the company was held not liable, because they had used reasonable care, and they owed no further duty to any one in the premises.

Order affirmed.