NAOMI DUNSBACH, Respondent, *v.* WILLIAM H. HOLLISTER, Appellant.

*Lawful business, improperly conducted, may constitute a nuisance — use of premises to the injury of adjoining premises, when not allowed — notice to abate a nuisance — act of God — injunction, when proper.*

The defendant, a dealer in molding sand, deposited upon his own lot, adjoining that of plaintiff, a large quantity of sand. No covering was placed over this sand, and the evidence tended to show that when the wind was in a southerly direction, and especially in dry weather, the sand was blown into the plaintiff's house to the great annoyance and discomfort of the plaintiff and her family, and to the injury of her food, furniture and property in the house.

*Held,* that while the defendant's business was lawful, and if properly conducted it was not a nuisance *per se,* yet if negligently conducted it would become a nuisance.

That the defendant was not at liberty to so use his premises as to injure the adjoining premises of the plaintiff, if he obviously could with reasonable care, and without unreasonable effort or expense, avoid doing such injury to the plaintiff.

That while, if the defendant had not created the nuisance, but had innocently suffered it to continue there, he might have been entitled to notice before an action had been brought against him, yet, as in this case, he had himself created the nuisance, he was not entitled to any notice before suit was brought against him

That his claim that if the injury was caused by violent winds, it was an act of God for which defendant was not responsible, could not be sustained, as in this case the negligent act of the defendant concurred with the act of God in creating this nuisance.

*Semble,* that if requisite care had been taken to guard against the action of usual and ordinary winds, and the damage had been caused by a gale of unexpected violence, the defendant might not have been liable for its consequences.

Where an injury is of such a character as to be the source of recurring personal annoyance, discomfort and inconvenience, in addition to the damage to property, a case is presented that cannot be adequately compensated in damage, and an injunction should be granted.

APPEAL from a judgment, entered upon the verdict of a jury for $250 damages, at the Saratoga County Circuit, and awarding an injunction.

*Doyle & Fitts,* for the appellant.

*J. F. Crawford* and *J. W. Verbeck,* for the respondent.

LANDON, J. :

The defendant, a dealer in molding sand, for several years constantly kept a large pile of it deposited upon his own lot adjoining the Erie canal, in the village of Crescent. The sand was obtained in the vicinity and deposited by defendant upon his lot to be sent by canal to his various customers. Directly across the highway from this pile of sand is the plaintiff's house. This is large and substantial, and is and has been occupied by the plaintiff and her family for a number of years. The pile of sand usually covers a space of about 170 by 35 feet, and varies in height from eight to fifteen feet. The edge of it approaches within thirty feet of the plaintiff's house at the nearest point. No covering is placed over the sand. The evidence tends to show that when the wind is in a southerly direction, the sand, especially in dry weather, is blown into the plaintiff's house to the great annoyance and discomfort of the plaintiff and family, and to the injury of her food, furniture and property in the house. The complaint charges that the defendant left this pile of sand " wholly uncovered during the period aforesaid," and also charges that the defendant's business, as conducted by him, was and is a nuisance. The jury rendered a verdict of $250 for damages, and thereupon the court awarded an injunction, restraining the defendant from " keeping, piling or placing any molding sand upon lands opposite or nearly opposite to, or near or adjacent to plaintiff's said dwelling-house, * * * so that the same may be blown or carried by the winds into or upon the said dwelling-house and premises of the plaintiff."

The defendant's business is lawful, if properly conducted; it is not a nuisance *per se*, but may be so negligently conducted as practically to become a nuisance. Negligence, therefore, must be shown to entitle the plaintiff to a recovery for damages. (*Losee* v. *Buchanan*, 51 N. Y., 476, and cases there cited.) This the trial court held. We think the evidence was sufficient to justify the jury in their verdict. The only negligence charged in the complaint, and established by the evidence and verdict, is in leaving the pile of sand uncovered, and therefore liable to be blown into the plaintiff's house. If the injury, for which the recovery of damages was had, was shown by the evidence to be of such constantly recurring character as to render a multiplicity of suits necessary, in order fully to

compensate the plaintiff, then the court properly awarded an injunction. (Story's Eq., § 925.) If the injury was of such a character as to be the source of recurring personal annoyance, discomfort and inconvenience, in addition to the damage to the property itself, then a case was presented which could not be adequately compensated in damages and an injunction was proper. (Id.)

There is no occasion to disturb the judgment, unless the exceptions urged by the defendant require it. The defendant's exceptions are mainly based upon the assumption that a lawful business, lawfully conducted, cannot constitute a nuisance, although others are, in consequence, injuriously affected. *Uline* v. *New York Central and Hudson River Railroad Company* (101 N. Y., 107) and numerous cases there cited, are referred to. The proposition is not contested. But a lawful business negligently conducted is not a lawful business lawfully conducted, and that is the distinction in this case, a distinction which no case repudiates. A railroad company lawfully incorporated and authorized to take property near my property, may thereby greatly injure my property and business, but if it has done, or omitted nothing with respect to my property or business which the law required of it, I have no legal cause of complaint; but if it negligently exercise its lawful powers to my injury, then it violates the duty it owes to me, and I have legal cause of complaint. (*Bellinger* v. *N. Y. Central R. R. Co.*, 23 N. Y., 42.) This defendant has the right to carry on his sand business in a lawful manner.

The rule that you must use your own so as not to injure another is not of universal application — the railroad cases above cited illustrate that — but the rule has at least this extent — you must not use your own so as to injure another if you obviously can, with reasonable care and without unreasonable effort or expense avoid it. The question becomes one of relative obligation or duty, and the violation of this duty is negligence. Now here, can there be any doubt which is the more reasonable; that the defendant shall build sheds or put some covering over his sand, or that the plaintiff must abandon her property?

Exception is taken to the remark of the court in the charge that it was for the jury to see if there were any means that would prevent the blowing of the sand. The separation of this isolated portion of the charge from the portion with which it

was connected is misleading. That the pile of sand was uncovered was undisputed. The court charged: "If it (the sand) is of such a nature that it may be cast about by the wind and blown to the house of a neighbor, then the man putting it there must prevent it if he can by any reasonable means." The court then suggested various means of preventing it, such as a board roof, tarpaulin cover, keeping it wet. Then followed the remark to which exception is taken, that it was for the jury to see if there were any means to prevent the blowing of the sand. The jury were not left to imagine some uncharged and unproved negligence, as in *Leonard* v. *Collins* (70 N. Y., 90); they were permitted to say whether leaving the sand uncovered was negligence, and it was not improper to suggest to them how it might be covered up; anyway would be enough; some easy ways there certainly were, and perhaps there were more, but one would suffice. It was not the duty of the plaintiff to prove the best way. (Story Eq., § 927d.)

The defendant claims that he is not liable for the reason that no notice was proven to have been given him before suit brought of the injurious effect of his business. If the defendant had not created the nuisance, but innocently had suffered it to continue, there are cases to the effect that notice should be given. (*Vanderwiele* v. *Taylor*, 65 N. Y., 341.) In the case cited the distinction is taken that the defendant did not accumulate the water on his premises nor do anything to cause its accumulation there to the injury of the plaintiff, but it accumulated there by natural causes, and, therefore, no obligation rested upon him to do anything to protect the plaintiff until he had notice that something ought to be done. The reason which excused the defendant in that case shows his liability in this.

The defendant contends that if the injury was caused by violent winds, it was an act of God for which defendant is not responsible. (*Sheldon* v. *Sherman*, 42 N. Y., 484.) This is not the act of God without the negligent act of the defendant concurring. If the requisite care had been taken to guard against the action of usual and ordinary winds, and the damage had been caused by a gale of unexpected violence, possibly the defendant would not have been liable. But no such case is presented.

Error is alleged in overruling defendant's objections to this question

put to the witness Buck : "What, in your opinion, was the fair rental value of plaintiff's house from 1879 to 1885 without these piles of sand being there and blowing as described ?" The objection is now urged upon the ground that the " blowing, as described," left it to the witness to consider the effect of the evidence given by a group of witnesses, and to accept such as he believed and reject the rest. (*Reynolds* v. *Robinson*, 64 N. Y., 589 ; *Seymour* v. *Fellows*, 77 id., 178.) But here the witness had been himself examined in regard to the plaintiff's premises, the pile of sand and the blowing of it by the wind. The objection taken upon the trial did not assume that he was to speak upon the effect of the testimony of others. If that distinct objection had been taken it might have been obviated.

The judgment should be affirmed, with costs.

LEARNED, P. J., INGALLS, J., concurred.

Judgment and order affirmed, with costs.