## OLUF STENDAL v. ALLEN P. BOYD.[1]

January 19, 1897.

Nos. 10,356—(230).

**Negligence—Pleading.**

In action for damages resulting from acts of another, alleged to have been negligent, the complaint is not demurrable, as not stating a cause of action, unless the particular acts alleged are such that they could not be negligent under any evidence admissible under the allegations of the pleading. Rolseth v. Smith, 38 Minn. 14, followed.

Appeal by defendant from an order of the district court for Ramsey county, Kelly, J., overruling a demurrer to the complaint. Affirmed.

*Walter L. Chapin*, for appellant.
*John L. Townley*, for respondent.

MITCHELL, J. This was an action to recover damages for the death of plaintiff's intestate, a child of tender years, caused by the negligence of the defendant. Briefly stated, the allegations of the complaint are that the defendant, being the owner of a lot adjacent to a public street in a densely populated part of the city of St. Paul, made a deep excavation upon it, by quarrying stone, which filled with standing water which was luring and enticing to young children, who were, to the knowledge of defendant, accustomed to go

[1] Reported in 69 N. W. 899.

there to play; that he left it unguarded, and in such condition as to be a menace to their lives. The complaint alleges that these acts of omission and commission were negligently done. It also alleges certain facts for the purpose of showing that they were negligent, under the special circumstances of the case. The purpose of the pleader was to bring his complaint within the principle of the "turntable cases" (Keffe v. Milwaukee & St. P. R. Co., 21 Minn. 207, and Railroad Co. v. Stout, 17 Wall. 657). The defendant demurred, on the ground that the complaint did not state a cause of action. This appeal is from an order overruling the demurrer.

It seems to us that defendant has attempted to raise by demurrer a question that can only be properly raised after the evidence is introduced at the trial. Negligence is a mixed question of law and fact; and hence an allegation of negligence, as applied to the conduct of a party, is not a mere conclusion of law, but, rather, a statement of an ultimate fact. Under such an allegation, a party may prove any facts or circumstances, not inconsistent with the particular facts alleged, which would tend to prove that the acts alleged· were negligent. Hence we held in Rolseth v. Smith, 38 Minn. 14, 35 N. W. 565, that, in an action for damages resulting from certain acts of another alleged to have been negligent, the complaint is not demurrable, as not stating a cause of action, unless the particular acts alleged are such that they could not be negligent under any evidence admissible under the allegations of the complaint.

In Twist v. Winona & St. P. R. Co., 39 Minn. 164, 39 N. W. 402, we intimated quite clearly our views that the doctrine of the "turntable cases" ought not to be extended. We did not mean by this that we would not apply the doctrine to any but "turntable cases," but merely that we would not extend the doctrine to cases which, upon their facts, did not come strictly and fully within the principle upon which those cases rest. We would not extend it to an ordinary case of a landowner merely allowing a pool or pond of water to stand on a vacant lot. To bring a case of such a pond within the principle of these cases, it would have to be exceptional and peculiar in its circumstances. The allegations of the complaint may be suggestive that it will be difficult for the plaintiff to bring himself, by his proof, within that principle; but we cannot hold, as a matter of law, that the complaint does not state a cause of action. The question of de-

fendant's negligence may become a question of law, after plaintiff has introduced all his evidence, but not before.

Order affirmed.