## FLOYD BEARD v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

July 21, 1916.

Nos. 19,853—(223).

**Negligence of master — furnishing timber free of knots.**

1. If a person has no reasonable ground to anticipate that a particular act will result in any injury to anybody, the act is not negligent. Tested by this rule, the proprietor of a wood-working plant is not under duty to furnish his wood workers with timbers free from knots lest a knot may fly out when work is being done upon them and cause injury.

**Evidence — law of foreign state — presumption.**

2. In the absence of proof of law of another state, it will be presumed that the common law prevails there, and that it is the same as our own.

**Guard for dangerous machinery.**

3. At common law a master is required to exercise reasonable care to guard machinery that may be dangerous to operatives. No negligence is shown in failing to guard against a revolving knife throwing out particles of material, where no such occurrence had been previously known and the natural tendency of the machine was to throw the particles to the floor.

Action in the district court for Hennepin county to recover $50,000 for personal injury received while in the employ of defendant. The answer alleged that if plaintiff suffered as alleged in the complaint, it was by reason of his own want of due care and that he had assumed the risk of being so injured. The case was tried before Fish, J., who at the close of the testimony granted defendant's motion to direct a verdict in its favor. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

[1] Reported in 158 N. W. 815.

Note.—For authorities on the question of employee's right of action for employer's violation of statutory duty as to guards about machinery, see note in 9 L.R.A.(N.S.) 381.

*Stiles & Devaney* and *D. C. Edwards*, for appellant.
*F. W. Root* and *Nelson J. Wilcox*, for respondent.

HALLAM, J.

Plaintiff was a wood worker in the employ of defendant at its shops at Deer Lodge, Montana. Part of his duty was to operate a "gainer" machine. This machine is used in shaping heavy timbers. It consists of a table on which is set revolving knives projecting somewhat above the table, and these cut out a strip or groove as the timber is fed into the machine. The timbers were furnished to plaintiff by a foreman, after being first inspected by the foreman to see if they were suitable for the purpose for which they are to be used.

On February 11, 1914, plaintiff was shaping a number of timbers that were furnished to him by the foreman. One proved to have in it a hard, brittle knot. Plaintiff testified that, when he fed this timber into the machine, part of the wood at the knot flew out and struck him in the eye, causing some injury.

1. It is charged that defendant was negligent in furnishing plaintiff an unsuitable timber upon which to work.

There are many cases in the books holding that it is the duty of the master to furnish the servant a reasonably safe place to work and reasonably safe tools and appliances with which to do his work. Benson v. Lehigh Valley Coal Co. 124 Minn. 222, 227, 144 N. W. 774, 50 L.R.A. (N.S.), 170.

Under some circumstances it may also be negligence on the part of the master to furnish the servant material for manufacture, the work upon which is fraught with danger. Neveu v. Sears, 155 Mass. 303, 29 N. E. 472.

We think, however, it is not generally considered that the proprietor of a wood working plant is under duty to furnish his wood workers with timber free from knots lest a knot may fly out when work is being done upon it and cause injury. An accident from such a cause is possible, as the evidence of plaintiff in this case tends to prove, but it is of such casual and chance character that we do not think that defendant was bound to anticipate it.

It was said in Christianson v. Chicago, St. P. M. & O. Ry. Co. 67

Minn. 94, 97, 69 N. W. 640, 641, that "what a man may reasonably anticipate is important and may be decisive, in determining whether an act is negligent," and that, "if a person had no reasonable ground to anticipate that a particular act would or might result in any injury to anybody, then, of course, the act would not be negligent at all." Tested by this rule, we think the defendant cannot be held chargeable with negligence in furnishing to plaintiff the timber of which he complains.

2. It is claimed the defendant was negligent in not guarding the knives upon this machine, and that this was the cause of the accident. The accident happened in Montana, and the laws of that state govern. There is no evidence of any statute in that state requiring such machinery to be guarded. We must presume, therefore, that the common-law rule prevails (Myers v. Chicago, St. P. M. & O. Ry. Co. 69 Minn. 476, 72 N. W. 694, 65 Am. St. 579), and in the absence of evidence it will be presumed that the common law of Montana is the same as ours. Crandall v. Great Northern Ry. Co. 83 Minn. 190, 86 N. W. 10, 85 Am. St. 458; Culver v. Johnson, 131 Minn. 75, 78, 154 N. W. 739; Farmers State Bank v. Walch, 133 Minn. 230, 158 N. W. 253.

3. A master is at common law required to exercise reasonable care to guard machinery that may be dangerous to operatives. Barbo v. Bassett, 35 Minn. 485, 29 N. W. 198; Wuotilla v. Duluth Lumber Co. 37 Minn. 153, 33 N. W. 551, 5 Am. St. 832, and he may under some circumstances be liable for injury done by flying particles of material due to such failure to guard. Koslowski v. Thayer, 66 Minn. 150, 68 N. W. 973. We cannot hold, however, that there was any common-law duty to guard this machine in order to forestall such an accident as it is said here occurred. The contact with the knives is at the under side of the timber. The knives revolve toward the feeder, and the particles cut from the timber are usually driven down to the floor. Taking plaintiff's evidence as true, this accident happened in a manner that could hardly be anticipated by anyone. His evidence is that a piece of wood about five inches long and as big around as a finger was "yanked out of the bottom corner of this draft timber," and that it flew around under the knives and then came up and struck him. There is no evidence that the flying of pieces of wood in this manner had ever before been known. In fact the evidence of witnesses, both for plaintiff and for the defendant, is that such occurrences had not

been known.  There is no evidence that there was any guard in common use which would prevent such occurrences.  Plaintiff testified that a sliding hood might be provided which would cover the knives while at rest, and be pushed along ahead of the timber as it was fed into the machine, and then pulled back into place over the knives again by means of a string with weights attached.  But the idea was evidently all his own.

We are of the opinion that no negligence was proven.

Order affirmed.