**BANKER v. McLAUGHLIN.**

No. 4420.

Court of Civil Appeals of Texas. Beaumont.

Feb. 20, 1947.

Reformed and Affirmed March 6, 1947.

Rehearing Denied March 27, 1947.

the time the little boy was drowned in June, 1945, there were approximately 50 families living in the subdivision, of which number about 40 families had small children. Appellant caused a large hole to be dug on one of the lots in the subdivision and used the dirt therefrom to grade up the roads and streets in the subdivision. This hole remained full, or practically full, of muddy water. It was from five to six feet deep. Children were accustomed to playing about this hole and it was customarily referred to in the neighborhood as the swimming hole. The hole was not used for any purpose, it was not fenced and was accessible by road or path. James McLaughlin, Jr., the son of appellee, was five years and ten months old when his body was found on June 19, 1945, in the water on the bottom of the pit by searching parties. His clothes were found upon the ground near a bush or shrub a short distance away from the pool or pit.

The appellee brought his suit, alleging the ownership of the subdivision and the digging of the pit by appellant and that the pit made the premises especially attractive to children, and that it was dangerous and that it did attract the small son of the appellee. He alleged negligence on the part of the appellant in creating a hole deep and dangerous to children of tender years at a location which the appellant knew, or should have known, was used as a playground for children; negligence in failing to enclose the hole by a fence, or failing to use some sort of safeguard; and negligence in failing and refusing to fill up the pit within a reasonable time. The appellant answered the suit by general denial, and further by special answer that the appellee's son was neither a licensee nor an invitee but was a trespasser and that appellant would therefore be indebted to the appellee only for damages wilfully or intentionally caused by him; that the drowning was an accident occasioned by no fault of the appellant; that the pool of water was not different from any other pool of water, constructed in the usual manner and that the pool of water held no hidden danger; appellant further pleaded contributory negligence on the part of both the appellee and his son. The case was tried to a jury and

Smith, Smith & Levy, of Beaumont, A. H. Boyd, of Alto, and Homer E. Stephenson, of Orange, for appellant.

Cecil & Keith, of Beaumont, for appellee.

MURRAY, Justice.

This is an appeal from a judgment of the district court of Orange county in favor of James McLaughlin, appellee, against H. F. Banker, appellant, for damages for the death of the minor son of the appellee, who was drowned in a large pit of water located in Forest Park Subdivision in Orange county, on land owned by the appellant.

The appellant owned a 60 acre tract of land in Orange county, several miles west of Orange, and subdivided into lots and blocks, which were sold as homesites. At

at the conclusion of the testimony of the plaintiff below appellant filed his motion for an instructed verdict, which was by the court overruled, and at the close of all of the evidence he filed another motion for an instructed verdict which was also overruled.

The jury by its verdict found that the pit was especially and unusually attractive to children such as James McLaughlin, Jr.; that such pit was dangerous to children such as James McLaughlin, Jr., and that he was attracted by said pit; that the attraction by said pit was a proximate cause of the death of James McLaughlin, Jr.; that the appellant was negligent in permitting the pit to be on the premises in a condition especially and unusually attractive and dangerous to children such as James McLaughlin, Jr., and that such negligence was a proximate cause of his death; that prior to the date of the drowning children of tender years played about and swam in said pit and that the appellant knew, or should have known by the exercise of ordinary care, that they did so; that the appellant was negligent in failing to enclose said pit with a fence and that such negligence was a proximate cause of the boy's death; that the appellant was negligent in failing to fill up the pit within a reasonable time after its excavation and that such negligence was a proximate cause of the boy's death; that the appellant was negligent in failing to drain the pit and that such negligence was a proximate cause of the boy's death; that $15,000 would reasonably compensate the appellee for his actual pecuniary loss proximately caused by the death of his son; that the accident resulting in the death of the boy was not unavoidable; that the appellee was not negligent in not keeping his child away from the pool of water; that the appellee was not negligent in not keeping his child at home.

After the verdict of the jury was received, the appellant filed his motion for judgment non obstante veredicto, which was by the court overruled. The court entered judgment on the verdict of the jury for appellee in the sum of $15,000, and when appellant's motion for a new trial was overruled he perfected his appeal to this court.

By his first point the appellant complains of the action of the trial court in refusing to instruct a verdict in his favor at the close of all the evidence. The appellee urges that since the motions for instructed verdict filed by the appellant did not set forth any specific grounds, the first point of the appellant should not be considered. The appellant's argument in his brief, together with his argument under his second, third, fourth and fifth points are all based upon his contention that the evidence was insufficient to show any liability on his part. The same contention is brought forward under all these points, which complain of the court's action in refusing to instruct a verdict, in refusing to enter a judgment in his behalf non obstante veredicto and in refusing to set aside the verdict and grant a new trial. We will discuss and consider all of these points together as they are all concerned with the same question of law applicable to the facts of this case.

The appellant presents an able and extensive review and discussion of the authorities in Texas and other jurisdictions in regard to liability of property owners for death or injuries to small children occasioned by some dangerous instrumentalities upon their property. The case of Maruska et al. v. Missouri, K. & T. Ry. Co., Tex. Civ.App., 10 S.W.2d 211, in which is discussed the doctrine of attractive nuisances, beginning with what are commonly known as the "turn table cases," is quoted from at length and thoroughly discussed. Also cited and quoted from by the appellant are the cases of Davis v. Joslin Mfg. Co., 29 R.I. 101, 69 A. 65; Blough v. Chicago G. W. R. Co., 189 Iowa 1256, 179 N.W. 840; Sullivan v. Huidekoper, 27 App.D.C. 154, 5 L.R.A., N.S., 63, 7 Ann.Cas. 196; Thompson v. Illinois Central R. Co., 105 Miss. 636, 63 So. 185, 47 L.R.A.,N.S., 1101; Emond v. Kimberly-Clark Co., 159 Wis. 83, 149 N.W. 760; Stendal v. Boyd, 67 Minn. 279, 69 N. W. 899; Overholt v. Vieths, 93 Mo. 422, 6 S.W. 74, 3 Am.St.Rep. 557. The contentions of the appellant that the facts of this case do not warrant the finding of negligence on his part are overruled. According to the evidence and finding of the jury, the appellant permitted an unguarded and unused and abandoned pit of water, deep and dangerous, in no manner useful to him or to any one else, to remain on his premises

in the midst of a group of homes of families which contained many small children. The conditions and surroundings of the pit were such as to make it unusually attractive to small children for use as a swimming hole and did actually attract James McLaughlin, Jr., and caused his death. The matter of enclosing or draining or filling such pit could have been accomplished with small trouble or expense without any impairment of the use of the property on the part of the appellant. Under the authority of Flippen-Prather Realty Co. v. Mather, Tex. Civ.App., 207 S.W. 121, error refused, it is believed sufficient facts were presented to support the findings of the jury in regard to negligence and proximate cause.

In his sixth point, appellant contends that the evidence is insufficient to support the finding of the jury, making an award of $15,000 as damages to the appellee for the death of his son at the age of five years and ten months. It is a well settled rule of law that a parent is entitled to recover as his actual damages for the death of a child the pecuniary value of the child's services until he reaches his majority, less the cost and expense of the child's support, education and maintenance, and such sums as might be reasonably expected as contributions after the child reaches majority, but that no recovery may be had for mental anguish, grief, bereavement or loss of companionship, and it is well settled that some evidence of pecuniary loss is necessary to support a judgment of recovery. The evidence in this type of case from the nature of things can not furnish the measure of damages with that certainty and accuracy with which it may be done in other cases and, therefore, the question of damages must largely be left to the discretion of the jury. See Jasper County Lumber Co. of Texas v. McMillan, Tex.Civ.App., 188 S.W. 2d 731, and authorities therein cited. Because such damages are necessarily indefinite and of uncertain computation, the courts are clothed with the power and it is their duty to review the award of the jury. If, under the facts of the case, the award of the jury in the opinion of the court is too large it becomes the duty of the court to correct the award and indicate the excess. Waggoner v. Sneed et al., Tex.Civ.

App., 138 S.W. 219. We have examined a great many authorities under this point and have concluded that the sum of $15,000 is an excessive award under the facts of this case. In fact, the award made by the jury was the full amount prayed for by the appellee in his petition. No evidence is in the record showing that the little boy who was drowned possessed more than the ordinary qualities of a normal, healthy, willing child from whom his parents might expect normal services and contributions and for whom they might expect only the ordinary expense of care, maintenance and education. An award in excess of $6,000 should not be permitted to stand and appellant's contention in this regard is sustained.

By his 7th, 8th, 9th and 10th points, appellant complains of the action of the trial court in refusing to allow testimony in behalf of the appellant that the pit in which the boy was drowned was constructed in the usual manner and allowed to remain in the same manner as other pits in the same locality. No error is presented in such action by the trial court. Testimony which was offered by the appellant to the effect that his pit was built in the same way and left standing in the same way as those of other property owners in the coastal area, would not have been pertinent to his defense, unless such testimony had related to pits dug and permitted to remain in residential subdivisions, inhabited by families having small children. The fact of having permitted his pit of water to remain in its location in a residential neighborhood was the chief element of the testimony which we have considered sufficient to support the jury's findings of negligence and proximate cause.

In his 11th point, appellant complains of the action of the trial court in sustaining the objection of the appellee to testimony in regard to the reputation of the appellee. The question asked the witness was: "Mrs. Waggoner, are you aware of the general reputation of Mr. and Mrs. McLaughlin have in that neighborhood as to whether or not they are negligent in taking care of their children?" Appellee's objection to the question was sustained. The appellant argues that he had

alleged that the appellee was guilty of contributory negligence in the care of his child and that he should have been permitted to make proof under such pleading that appellee and his wife had the reputation in that neighborhood of being negligent in taking care of their children. It is true that in some civil actions, dependent upon the nature of the actions themselves, testimony in regard to the reputation of a litigant in some respect is admissible when that reputation is an issue. In this case the question of whether the appellee, James McLaughlin, was guilty of contributory negligence in allowing his child to wander about the neighborhood unattended, in failing to keep the child at home, and in failing to keep the child away from the pool of water, was made an issue by the pleadings. It was proper for the court to receive testimony in regard to specific acts on the part of the parents of the child from which the jury might conclude that negligence on their part did, or did not exist. No witness, however, would properly have been permitted to testify that he thought such action, or actions, constituted negligence, since that would have been a conclusion, the determination of which was for the jury. The word negligence has its own peculiar significance in law and before a jury is permitted to determine the existence of negligence it is given the benefit of an extensive definition by the trial court in its charge. Since it would not have been proper to permit witnesses who had observed the acts of the appellee and his wife in regard to the care of their children to testify as to their conclusions of negligence, it would not have been proper for the court to permit a witness to testify that according to general reputation in the community those acts constituted negligence on the part of the appellee. We have concluded that no error is presented by this point.

The appellant's 12th point reads as follows: "The error of the trial court in refusing to sustain the special exception of the defendant to the court's definition of negligence in the court's charge (Tr. 11); and refusing to submit defendant's special issue No. 3, pertaining to the negligence of the minor child." The first portion of this point, in regard to the court's definition of negligence, was not briefed by the appellant and is considered waived. It is noted that not only does the point quoted above fail to set out in full the special charge requested by the appellant but nowhere in his brief are we able to find the wording of the special issue he requested and which was refused by the court. This is not a compliance with Rule 418, Texas Rules of Civil Procedure, such as would require us to review the matter complained of. We find in the appellee's brief and in the transcript, however, that the issue actually requested by the appellant and refused by the trial court read as follows: "Do you find from a preponderance of the evidence that James McLaughlin, Jr. was negligent in entering the pool of open water, the pool itself being sufficient notice to him not to enter?" Even if this requested issue had been properly brought before us for review by the appellant's brief, we could not hold the court erred in refusing to submit appellant's requested issue. The phrase included in the issue, "the pool itself being sufficient notice to him not to enter," manifestly assumed as true controverted facts and was not in substantially correct wording as required by Rule 279, Texas Rules of Civil Procedure. See: Jones v. Rainey, Tex.Civ.App., 168 S.W.2d 507; Hodges v. Alford, Tex.Civ.App., 194 S.W.2d 293. This point as brought forward presents no error and is overruled.

The appellant's 13th point complains of the action of the trial court in admitting in evidence a plat sketched by the appellee. The instrument thus introduced was a rude sketch or drawing purporting to show the location of the appellee's house with reference to the pit of water. The appellee, McLaughlin, testified that after the accident in which his son was drowned he made a close examination of the entire territory and drew a general diagram of the scene as best he could based upon his inspection and knowledge of it and that this sketch was the one which he had made. The officially recorded map of the subdivision in which the appellee lived was introduced in evidence by the appellant and it is apparent from an inspection of the two that the instrument complained of here

was erroneous in some details but the testimony of the appellee as a witness was sufficient to warrant the trial court in admitting it in evidence. No harm is shown to have resulted to the appellant by its introduction and no error is presented.

As indicated in our discussion of appellant's 6th point above, we believe the jury's award of $15,000 in this case is excessive and that an award of over $6,000 should not be permitted to stand. Unless a remittitur in the sum of $9,000 is filed by appellee the case will be reversed and remanded for a new trial. If the remittitur is filed within ten days, the judgment of the district court will be affirmed.